David W. Kesselman (SBN 203838)
*dkesselman@kbslaw.com*
Amy T. Brantly (SBN 210893)
*abrantly@kbslaw.com*
KESSELMAN BRANTLY STOCKINGER LLP
1600 Rosecrans Ave., Bldg. 7, Ste. 320
Manhattan Beach, CA 90266
Tel.: 310-307-4555 | Fax: 310-307-4570

*Attorneys for Applicant*
CANADA (COMMISSIONER OF COMPETITION)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re *Ex Parte* Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782, by<br><br>CANADA (COMMISSIONER OF COMPETITION),<br><br>Applicant. | CASE NO.<br><br>***EX PARTE* APPLICATION FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782** |

Pursuant to 28 U.S.C. § 1782, the Commissioner of Competition makes this *ex parte* application for an order directing the issuance of subpoenas, in the form attached as Exhibits 1 and 2 to the Declaration of David W. Kesselman (the "Kesselman Decl.") filed concurrently herewith, compelling Eisar Lipkovitz and Brad Bender to appear and testify remotely in the case, *Canada (Commissioner of Competition) v. Google Canada Corporation and Google LLC*, File No. CT-2024-010, currently pending before Canada's Competition Tribunal (the "Competition Proceeding"). The Commissioner of Competition further requests the Court approve the Commission to the Honourable Mr. Justice Andrew D. Little, Justice of Canada's Federal Court and Chairperson of the Competition Tribunal and any additional Tribunal Member(s) that the Tribunal may designate as additional Commissioners, to take the testimony and conduct the examination of the witnesses in accordance with the practices and procedures under Canadian law, including the *Competition Tribunal Act, Competition Tribunal Rules,* and *Canada Evidence Act*. Lastly, the Commissioner of Competition requests that the Court authorize the witnesses to be examined and re-examined by counsel for the Commissioner of Competition and cross-examined by counsel for Google Canada Corporation and Google LLC on any fact or subject matter relevant to the Competition Proceeding.

## INTRODUCTION AND FACTUAL BACKGROUND

On November 28, 2024, by Notice of Application, the Commissioner of Competition took legal action against Google Canada Corporation and Google LLC (collectively, "Google") for anticompetitive conduct in online advertising technology services in Canada. *See* Declaration of Kristen McLean ISO *Ex Parte* Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782 (the "McLean Decl."), ¶ 4. The Commissioner of Competition amended the Notice of Application on June 27, 2025 (the "Amended Notice of Application"). *Id.*, Ex. A. The Amended Notice of Application alleges that Google is the largest provider across the ad tech stack for web advertising and it has abused its dominant position through conduct intended to ensure that it would maintain and entrench its market power. *Id.* at ¶ 5. Specifically, the Amended Notice of Application alleges that Google has unlawfully tied its various ad tech tools together to maintain its market dominance and leverage its position across ad tech tools to distort auction dynamics

by giving its own tools preferential access to ad inventory, taking negative margins in certain circumstances to disadvantage rivals, and dictating the terms on which its own publisher customers can transact with rival ad tech tools. *Id*. It is alleged that by implementing this anticompetitive conduct, Google has been able to entrench its dominance, prevent rivals from competing, inhibit innovation, inflate advertising costs and reduce publishers' revenues. *Id*. at ¶ 6. It is further alleged that the anticompetitive conduct at issue is transnational and emanates from Google's operations in the United States. *Id*. at ¶ 7.

In fact, the alleged anticompetitive conduct at issue in the Amended Notice of Application relates to similar, if not identical, conduct that was at issue in an antitrust action against Google filed by the United States Department of Justice in the United States District Court for the Eastern District of Virginia ("EDVA Action"). *Id*. at ¶¶ 8-11 & Exs. B & C. In the EDVA Action, the United States Department of Justice alleged that Google monopolized several markets related to digital advertising through a series of mutually reinforcing anticompetitive acts and exclusionary conduct. *Id*. at ¶ 9. After a three-week bench trial, the district court held that Google violated U.S. antitrust law by monopolizing open-web digital advertising markets. *Id*. at ¶ 10 & Ex. C.

As part of the EDVA Action, former Google employees were deposed and provided trial testimony. *Id*. at ¶ 12. Former Google employees that testified include the individuals at issue in this *ex parte* application: Eisar Lipkovitz, who served as Google's Vice President of Engineering for Display and Video Ads, and Brad Bender, who served as Google's Director of Product Management and Vice President of Product for Display and Video Ads. *Id*. at ¶ 13. A review of transcripts of the testimony of Lipkovitz and Bender from the EDVA Action demonstrates that they provided evidence that is also material to the Commissioner of Competition's allegations against Google in Canada. *Id*. Examples of material evidence provided by Lipkovitz and Bender during the EDVA Action are set forth in the McLean Declaration. *Id*. at ¶ 13 & Exs. D-F.

The Commissioner of Competition attempted to secure the cooperation of Lipkovitz and Bender. *Id*. at ¶¶ 14-15 & Exs. G-J. Neither Lipkovitz nor Bender has agreed to testify voluntarily, and their counsel have not responded to the Commissioner of Competition's requests for their clients' cooperation. *Id*. at ¶ 16. Accordingly, the Commissioner of Competition sought

and received orders from the Canadian Competition Tribunal permitting the out of court examination of Lipkovitz and Bender, as well as commissions and letters rogatory permitting her to seek the assistance of this Court to give effect to the Tribunal's order. *Id*. at ¶¶ 17-24 & Exs. K-P. While Canadian legal counsel to Google, Google Canada Corporation, Lipkovitz and Bender, commented on the form of the orders sought by the Commissioner of Competition, the Commissioner's motion was unopposed. *Id*. at ¶ 25.

The Commissions issued by the Competition Tribunal appoints the Honourable Justice Andrew D. Little, Justice of Canada's Federal Court and Chairperson of the Competition Tribunal ("Chairperson Justice Little"), and any additional Tribunal Member(s) that the Tribunal may designate as additional Commissioners, to take, out of court, the testimony of Lipkovitz and Bender for use at the merits hearing of the Amended Notice of Application. *Id*. at ¶ 18-24 & Exs.K-L & N-O. The Letters Rogatory:

- State that it appears necessary for the witness, residing within the Court's jurisdiction, to be examined;
- Request the Court to cause Lipkovitz and Bender to appear before Chairperson Justice Little and any additional Tribunal Member(s) that the Tribunal may designate as additional Commissioners to secure the witness's attendance and for the taking of testimony under oath;
- Request the Court authorize that the witness be examined and re-examined by counsel for the Commissioner of Competition and cross-examined by counsel for Google on any fact or subject matter relevant to the Competition Proceeding; Request the Court permit Chairperson Justice Little and any additional Tribunal Member(s) that the Tribunal may designate as additional Commissioners to conduct the examination of the witness in accordance with the practices and procedures under Canadian law, including the *Competition Tribunal Act, Competition Tribunal Rules,* and *Canada Evidence Act* and the Commission issued by the Competition Tribunal.

*Id*. at ¶ 21, Ex. M; ¶ 24, Ex. P.

Accordingly, the Commissioner of Competition applies to this Court *ex parte* for an order directing the issuance of subpoenas to Lipkovitz and Bender to appear at the time and place designated in the subpoena, or at a time and place agreed to by the Commissioner of Competition and the witness, but in no event later than March 8, 2027. Kesselman Decl., ¶ 2, Ex. 1; ¶ 3, Ex. 2. For the reasons set forth herein, the Commissioner of Competition's request should be granted.

**ARGUMENT**

A federal district court is authorized to assist a complainant in securing testimony in the United States for use in a foreign proceeding. 28 U.S.C. § 1782; *Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241, 248-49 (2004). Pursuant to 28 U.S.C. §1782, "the district court of the district in which a person resides or is found may order him to give his testimony or statement" and the order may be made pursuant to a "request made, by a foreign or international tribunal upon the application of any interested person and may direct that the testimony or statement be given . . . before a person appointed by the court." The statute also provides that the order "may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country." 28 U.S.C. § 1782(a)*; In re Letter of Request from the Crown Prosecution Serv. of the United Kingdom,* 870 F.2d 686, 693 (D.C. Cir. 1989) (Section 1782 "permits, but does not command, following the foreign or international practice.") (citation omitted).

Applications under Section 1782 are customarily made *ex parte*. *In re Letters Rogatory from Tokyo Dist., Tokyo, Japan,* 539 F.2d 1216, 1219 (9th Cir. 1976) ("Letters Rogatory are customarily received and appropriate action taken with respect thereto *ex parte*."); *In re Ex Parte Application of Legatum,* 2021 WL 706436, at *2 (N.D. Cal. Feb. 23, 2021) ("When it comes to requests directly from foreign courts, district courts typically handle Section 1782 discovery requests in the context of an *ex parte* application for an order appointing a commissioner to collect the information."); *In re Republic of Ecuador,* No. C-10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010) (noting that it is "common" for courts to decide requests authorizing discovery under Section 1782 on an *ex parte* basis).

Granting applications under Section 1782 on an *ex parte* basis is appropriate because the resulting subpoenas give all parties adequate notice of any discovery to be taken and the parties

will have the opportunity to either provide discovery or move to quash. *In re Med. Corp. Seishinkai,* No. 21-MC-80160-SVK, 2021 WL 3514072, at *2 (N.D. Cal. Aug. 10, 2021); *In re Letters Rogatory from Tokyo Dist.,* 539 F.2d at 1219; *In re Republic of Ecuador*, 2010 WL 3702427, at *2-3.

**I. The Statutory Requirements Of Section 1782 Are Satisfied**

The statutory requirements set forth in Section 1782 are clearly satisfied here. Section 1782 requires an applicant seeking testimony for use in a foreign proceeding, to demonstrate: (1) the person from whom the discovery is sought resides or is found in this district, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or international tribunal or any interested person. 28 U.S.C. §1782(a); *In re Republic of Ecuador,* 2010 WL 3702427, at *3; *see also Intel*, 542 U.S. at 241.

A. Lipkovitz and Bender Reside Or Are Found In This District

First, the persons from whom testimony is sought, Eisar Lipkovitz and Brad Bender, reside or are found in this district. Lipkovitz lives and maintains an address in this district. Kesselman Decl. ¶ 4, Ex. 3 at II.C.10. Bender lives and maintains an address in this district. *Id.* ¶ 4, Ex. 3 at II.A.6. Lipkovitz's and Bender's residence within this district satisfies the first statutory factor. *In re Request for Int'l Judicial Assistance from the Nat'l Ct. Admin. Of the Republic of Korea,* No. CIS-80069 Misc LB, 2015 WL 1064790, at *2 (N.D. Cal. Mar. 11, 2015) ("*Republic of Korea*") (fact that witness is resident within the district satisfies the first statutory factor); *In re Republic of Ecuador,* 2010 WL 3702427, at *3 (first statutory factor satisfied where applicant makes a *prima facie* showing that witness lives within the district).

B. Lipkovitz's and Bender's Testimony Is Sought For Use Before A Foreign Tribunal

Second, Lipkovitz's and Bender's testimony is sought for use in foreign proceedings before a foreign tribunal. As stated above, the testimony is to be used at the merits hearing before the Competition Tribunal in Canada in an Amended Notice of Application brought by the Commissioner of Competition. The Competition Tribunal is clearly a foreign tribunal under the statute. *See also Intel,* 542 U.S. at 259 (Section 1782 applies "whether the foreign or international

proceeding or investigation is of a criminal, civil, administrative, or other nature.") (citation omitted); *see also Republic of Korea,* 2015 WL 1064790, at *2 (fact that discovery was sought in connection with pending proceeding before foreign tribunal satisfied second statutory factor).

Lastly, the request is made by the Competition Tribunal pursuant to Letters Rogatory satisfying the third factor. The Commissioner of Competition is an "interested party" because she is a party to the proceedings before the Competition Tribunal. *Republic of Korea,* 2015 WL 1064790, at *2 ("A litigant in a foreign action qualifies as an 'interested person' under § 1782").

**II. The Discretionary Factors Weigh In Favor Of Granting The Application**

A district court has wide discretion in granting discovery under Section 1782. *Intel*, 542 U.S. at 260-61. "A district court's discretion is to be exercised in view of the twin aims of Section 1782: providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts." *In re Eurasian Nat. Res. Corp.*, Ltd., No. 18-MC-80041-LB, 2018 WL 1557167, at *2 (N.D. Cal. Mar. 30, 2018) (citing *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 84 (2d Cir. 2004)). In exercising its discretion, courts consider the following discretionary factors: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the discovery request is an attempt to circumvent proof gathering restrictions or other policies of a foreign country or the United States; and (4) whether the discovery requested is unduly intrusive or burdensome. *Intel*, 542 U.S. at 264-65; *In re Premises Located at 840 140th Ave., N.E., Bellevue Wash.,* 634 F.3d 557, 563 (9th Cir. 2011). Each of the discretionary factors weigh in favor of granting the Commissioner of Competition's *ex parte* application.

A. <u>Lipkovitz and Bender Are Not Participants in the Foreign Proceeding</u>

First, neither Lipkovitz nor Bender is a participant in the proceedings before the Competition Tribunal. Lipkovitz and Bender are former Google employees and witnesses residing in the United States. Where the witness is not a party to the proceedings, the need for judicial assistance in obtaining the testimony is stronger. *Intel,* 542 U.S. at 264

("[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States may be unobtainable absent § 1782(a) aid."); *In re Eurasian Nat. Res. Corp., Ltd.*, 2018 WL 1557167, at *3 (N.D. Cal. Mar. 30, 2018) (first Intel factor weighs in favor of granting application where witness is not a participant in the foreign litigation); *Rainsy v. Facebook, Inc.*, 311 F. Supp. 3d 1101, 1112 (N.D. Cal. 2018) (applicant needed assistance of § 1782 to obtain evidence from non-party). The Commissioner of Competition has attempted to secure the voluntary cooperation of Lipkovitz and Bender, but those efforts were unsuccessful. McLean Decl. at ¶ 14-16 & Exs. G-J. Because the Competition Tribunal does not have jurisdiction over Lipkovitz or Bender, it cannot compel them to travel to Canada to testify. Accordingly, this factor weighs in favor of granting the *ex parte* application.

B. The Competition Tribunal Is Receptive To The Judicial Assistance Of This Court

Second, the Competition Tribunal is receptive to U.S. federal judicial assistance. The foreign proceeding at issue here is a proceeding before the Competition Tribunal to determine whether there have been violations of Canada's Competition Act. McLean Decl. at ¶¶ 4-6. These proceedings are heard by an administrative panel of adjudicators appointed to the Competition Tribunal, who act as independent adjudicators and who have the power to impose penalties and injunctive relief. *Id* at ¶ 2. The Competition Tribunal has specifically requested judicial assistance from the United States District Court for the Northern District of California through the Letters Rogatory. *Id.* ¶ 21, Ex. M; ¶ 24, Ex. P. Accordingly, this factor weighs in favor of granting the *ex parte* application. *See In re Ex Parte Application of Pro-Sys Consultants,* No. 16-MC-80117-DMR, 2016 WL 3405547, at *3 (N.D. Cal. June 21, 2016) (holding second *Intel* factor weighed in favor of granting application where Canadian Court's order indicated it was receptive to judicial assistance).

C. There Is No Attempt To Circumvent The Restrictions Or Policies of The United States Or Canada

Third, the *ex parte* application does not raise any risks of subverting proof-gathering restrictions or other policies of Canada or the United States. The Competition Tribunal has specifically requested judicial assistance and asked that the examination of the witness be

conducted in accordance with the practices and procedures under Canadian law, including the *Competition Tribunal Act, Competition Tribunal Rules,* and *Canada Evidence Act*. *See Republic of Korea.,* 2015 WL 1064790, at *2 (N.D. Cal. Mar. 11, 2015) ("[T]he Korean court requested the information, so it is clear that it is receptive to this court's assistance and that the request is not an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States."). Further, it is requested that the Court appoint Chairperson Justice Little and any additional Tribunal Member(s) that the Tribunal may designate as additional Commissioners to conduct the examination in accordance with these rules. [1] Chairperson Justice Little is an experienced jurist who will preside over the taking of the testimony to ensure that it is conducted according to Canadian law. McLean Decl. ¶ 26 & Ex. Q. Lastly, the Commissioner of Competition has requested that Counsel for the Commissioner of Competition be permitted to examine and re-examine the witness and that counsel for Google be permitted to cross-examine the witness on any fact or subject matter relevant to the Competition Proceeding as determined by Chairperson Justice Little and any other participating Commissioners ensuring that the proceeding will be fairly conducted. This factor also weighs in favor of granting the *ex parte* application.

D. The Discovery Sought Is Neither Unduly Intrusive Nor Burdensome

Finally, requiring Lipkovitz and Bender to appear and testify should not cause any undue burden or intrusion. In evaluating whether a § 1782 discovery request is unduly burdensome, a district court applies the familiar standards of Federal Rule of Civil Procedure 26(b). *Mees v. Buiter*, 793 F.3d 291, 302 (2d Cir. 2015); *In re: Application of Joint Stock Co. Raiffeinsenbank*, No. 16-MC-80203-MEJ, 2016 WL 6474224, at *6 (N.D. Cal. Nov. 2, 2016); *In re HYBE Co., Ltd.*, No. 5:25-MC-80176, 2025 WL 3280894, at *4 (N.D. Cal. Nov. 25, 2025). Here, the

[1] As stated above, Section 1782 permits the court to appoint a person to take testimony. The person appointed "has power to administer any necessary oath and take the testimony or statement." *United States v. Google LLC*, 690 F. Supp. 3d 1011, 1017 (N.D. Cal. 2023) (quoting 28 U.S.C. § 1782(a)). "Given that the appointed person's authority necessarily derives from the district court's discretionary authority to appoint such person, it logically follows that the appointed person's own discretionary authority, at minimum, cannot exceed that of the district court." *Id.* at 1027.

testimony sought by the *ex parte* application is both relevant and proportional to the pending Canadian action. As set forth herein, Lipkovitz's and Bender's testimony is relevant to whether Google has engaged in anticompetitive conduct as alleged in the Amended Notice of Application. *See, infra* at p. 3; McLean Decl. at ¶ 13 & Exs. E & F. Further, Lipkovitz and Bender reside in the district and are being permitted to appear remotely at a place within the permissible boundaries of a subpoena under Rule 45. Accordingly, this factor also weighs in favor of granting the *ex parte* application.

## CONCLUSION

For the foregoing reasons, the Commissioner of Competition respectfully requests that the Court (1) authorize counsel for Applicant to issue a United States District Court subpoena compelling Lipkovitz and Bender to make themselves available to be deposed; (2) approve the commission to the Honourable Mr. Justice Andrew D. Little, Justice of the Federal Court and Chairperson of the Competition Tribunal, to take the testimony and conduct the examination of the witnesess in accordance with the practices and procedures under Canadian law, including the *Competition Tribunal Act, Competition Tribunal Rules,* and *Canada Evidence Act*; and (3) authorize the witnesses to be examined and re-examined by Counsel for the Commissioner of Competition and cross-examined by counsel for Google Canada Corporation and Google LLC on any fact or subject matter relevant to the Competition Proceeding as determined by Chairperson Justice Little and any other participating Commissioners.

Dated: August 24, 2026

Respectfully submitted,

KESSELMAN BRANTLY STOCKINGER LLP
DAVID W. KESSELMAN
AMY T. BRANTLY

*/s/ David W. Kesselman*
David W. Kesselman

*Attorneys for Applicant*
CANADA (COMMISSIONER OF COMPETITION)