David W. Kesselman (SBN 203838)
*dkesselman@kbslaw.com*
Amy T. Brantly (SBN 210893)
*abrantly@kbslaw.com*
KESSELMAN BRANTLY STOCKINGER LLP
1600 Rosecrans Ave., Bldg. 7, Ste. 320
Manhattan Beach, CA 90266
Tel.: 310-307-4555 | Fax: 310-307-4570

*Attorneys for Applicant*
CANADA (COMMISSIONER OF COMPETITION)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re *Ex Parte* Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782, by<br><br>CANADA (COMMISSIONER OF COMPETITION),<br><br>Applicant. | CASE NO.<br><br>**DECLARATION OF DAVID W. KESSELMAN IN SUPPORT OF *EX PARTE* APPLICATION FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782** |

**DECLARATION OF DAVID W. KESSELMAN**

I, David W. Kesselman, hereby declare as follows:

1. I am an attorney, duly licensed to practice law in the State of California and in the United States District Court for the Northern District of California. I am a partner at Kesselman Brantly Stockinger LLP, and counsel of record for Applicant Canadian Commissioner of Competition in connection with the instant Application in support of Applicant's prosecution of the case currently pending before the Competition Tribunal, styled *Canada (Commissioner of Competition) v. Google Canada Corporation and Google LLC*, CT File No. CT-2024-010 (the "Canadian Action."). I have personal knowledge of the matters set forth below, except those matters that are based on information and belief, which I believe to be true, and could and would testify competently to them if called to do so.

2. Attached as **Exhibit 1** is a true and correct copy of a proposed Subpoena to Testify at a Deposition in a Civil Action directed to Eisar Lipkovitz. Should the Court grant the application, and after service of the subpoena, we will endeavor to work cooperatively with counsel for Mr. Lipkovitz to set the time and date of the deposition, which may be taken remotely.

3. Attached as **Exhibit 2** is a true and correct copy of a proposed Subpoena to Testify at a Deposition in a Civil Action directed to Brad Bender. Should the Court grant the application, and after service of the subpoena, we will endeavor to work cooperatively with counsel for Mr. Bender to set the time and date of the deposition, which may be taken remotely.

4. Attached as **Exhibit 3** is a true and correct copy of the Affidavit of Augie Porras, Affirmed on April 28, 2026 (the "Porras Affidavit"). The Porras Affidavit was filed in the Canadian Action on May 5, 2026, in support of the Commissioner of Competition's Motion to Commission Evidence.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed August 24, 2026, at Redondo Beach, California.

David W. Kesselman

# EXHIBIT 1

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | | |
|---|---|---|
| In Re: Petition for Judicial Assistance Canada (Commissioner of Competition) ⊞ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Eisar Lipkovitz

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: | Date and Time: |
|---|---|
| | |

The deposition will be recorded by this method: Video, audio, and stenographically.

❒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ______________

*CLERK OF COURT*

OR

______________________________ ______________________________

*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Canadian Competition Bureau , who issues or requests this subpoena, are:

David W. Kesselman, Kesselman Brantly Stockinger LLP, 1600 Rosecrans Ave., Bldg. 7, Ste. 320, Manhattan Beach, CA 90266, dkesselman@kbslaw.com, Phone: 310-307-4556

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ______________ .

❒ I served the subpoena by delivering a copy to the named individual as follows: ______________
__________________________________________________________________
__________________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ______________________________
__________________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ______________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT 2

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

In Re: Petition for Judicial Assistance Canada (Commissioner of Competition)
*Plaintiff*
v.

*Defendant*

Civil Action No.

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Brad Bender

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: | Date and Time: |
| --- | --- |
| | |

The deposition will be recorded by this method: Video, audio, and stenographically.

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ______________

*CLERK OF COURT*

OR

*Signature of Clerk or Deputy Clerk* | *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Canadian Competition Bureau, who issues or requests this subpoena, are:
David W. Kesselman, Kesselman Brantly Stockinger LLP, 1600 Rosecrans Ave., Bldg. 7, Ste. 320, Manhattan Beach, CA 90266, dkesselman@kbslaw.com, Phone: 310-307-4556

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ______________ .

❒ I served the subpoena by delivering a copy to the named individual as follows: ______________
______________________________________________________________
______________________________________ on *(date)* ____________ ; or

❒ I returned the subpoena unexecuted because: ______________________________
______________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ ______________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________ ______________________________

*Server's signature*

______________________________

*Printed name and title*

______________________________

*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Partially Redacted:
# Exhibit Filed Under Seal

# EXHIBIT 3

**CT-2024-010**

**THE COMPETITION TRIBUNAL**

**IN THE MATTER OF** the *Competition Act*, R.S.C. 1985, c. C-34;

**AND IN THE MATTER OF** certain conduct of Google Canada Corporation and Google LLC relating to the supply of online advertising technology services in Canada;

**AND IN THE MATTER OF** an application by the Commissioner of Competition for one or more orders pursuant to section 79 of the *Competition Act*.

**BETWEEN:**

**THE COMMISSIONER OF COMPETITION**

**Applicant**

**– and –**

**GOOGLE CANADA CORPORATION AND GOOGLE LLC**

**Respondents**

---

**AFFIDAVIT OF AUGIE PORRAS**

**Affirmed on April 28, 2026**

---

I, AUGIE PORRAS, of the city of El Paso in the state of Texas and paralegal at the law firm of Kesselman Brantly Stockinger LLP **("KBS")**, **AFFIRM THAT**:

## I. BACKGROUND

1. I make this affidavit in support of a Motion to Commission Evidence brought by the Commissioner of Competition ("**Commissioner**") in connection with the application brought pursuant to section 79 of the *Competition Act*, R.S.C. 1985, c. C-34 ("**Act**") against Google Canada Corporation and Google LLC (collectively, "**Google**") in proceeding CT–2024–010 ("**Application**"). The Application relates to alleged anti-competitive conduct by Google concerning the supply of certain online advertising technology ("**ad tech**") products and services in Canada.

2. I have personal knowledge of matters deposed to herein, except where based on information and belief. Where my knowledge is based on information and belief, I have identified the source of my information and belief and believe it to be true.

3. I am a paralegal at KBS, a law firm based in Manhattan Beach, California. I have worked as a paralegal for KBS for eleven years and in that capacity I utilize Westlaw PeopleMap Reports in order to confirm residency for witnesses and parties.

4. I was tasked to find the addresses of the following former Google employees: Brad Bender, Bryan Rowley, Eisar Lipkovitz, and Rahul Srinivasan. I used Westlaw PeopleMap Reports for this purpose. I also accessed the former Google employees' LinkedIn profiles to corroborate and cross-check the Westlaw PeopleMap reports. I additionally ran various Google searches for additional information to confirm the Westlaw PeopleMap reports.

## II. Summary of Background Information for Brad Bender, Bryan Roley, Eisar Lipkovitz, and Rahul Srinivasan

### A) Brad Bender

5. According to Mr. Bender's LinkedIn profile (https://www.linkedin.com/in/bradbender/)) that I accessed online on March 2, 2026, Brad Bender is a former Google executive who served as Vice President of Product, News & Search Ecosystems (November 2019 – November 2022), Vice President Product, Display & Video Ads (April 2015 – November 2019), and as the Director of Product Management (April 2008 – March 2015).

6. According to a Westlaw PeopleMap Report that I accessed online on March 2, 2026, Brad Bender, was born in [redacted] His address is listed as [redacted] California, [redacted] Previous addresses associated with Brad Bender [redacted] NY [redacted] NY [redacted]. Westlaw PeopleMap lists the following phone numbers for Brad Bender: [redacted] and [redacted]

**B) Bryan Rowley**

7. According to Mr. Rowley's LinkedIn profile (https://www.linkedin.com/in/bryan-rowley-29b8a7/) that I accessed online on February 26, 2026, Bryan Rowley is currently serving as Director, Go-to-Market for eyeo since April 2024 to the present. Mr. Rowley is a former Google employee who served as the Principal, Corporate Strategy (August 2020 – March 2024), Head of Global Strategy and Commercialization, Ad Manager & Authorized Buyers (July 2018 - July 2019); Head of Global Strategy & Commercialization, Programmatic Indirect and Ad Serving (March 2017 - July 2018); Global Display Publisher Sales Strategy Lead (October 2012 - March 2017); Strategic Partner Lead (June 2011 - October 2012). Mr. Rowley received an MBA from the NYU Stern School of Business in 2005.

8. According to Westlaw PeopleMap Report that I accessed online on February 26, 2026, Bryan Rowley, was born in [redacted] His address is listed as [redacted] NY [redacted] Previous addresses listed for Bryan Rowley include [redacted] NY [redacted], and [redacted] CO [redacted] Westlaw People Map lists the following phone numbers for Bryan Rowley: [redacted] and [redacted]

**C) Eisar Lipkovitz**

9. According to Mr. Lipkovitz's LinkedIn profile (https://www.linkedin.com/in/eisar/) that I accessed online on March 2, 2026, Eisar Lipkovitz is currently the Vice President, Advertising Engineering at Netflix (September 2025 – Present). Lipkovitz is a former Google employee who served as Vice President of Engineering - Display and Video Ads (April 2014 – February 2019) and as the Vice President of Engineering - Search Infrastructure (August 2004 - April 2014).

10. According to Westlaw PeopleMap Report that I accessed online on March 2, 2026, Eisar Lipkovitz, was born in [redacted] His address is listed as [redacted] California [redacted] Previous addresses listed for Mr. Lipkovitz include [redacted] California, [redacted] and [redacted]

California 94133-5405. Westlaw People Map lists the following phone numbers for Eisar Lipkovitz: 415-206-1008, 415-494-9660 and 415-525-9786.

**Rahul Srinivasan**

11. According to Rahul Srinivasan's LinkedIn profile (https://www.linkedin.com/in/rahulsrinivasan88/) that I accessed online on February 26, 2026, Mr. Srinivasan currently works at Lead Bank in Brooklyn, New York, from September 2023 to the present. He is a former Google executive who served as the Head of Product, Google Sheets, from December 2019 to July 2021 and Product Manager, Google Ad Manager from August 2016 until December 2019. He received an MBA from Harvard Business School in 2016.

12. According to Westlaw PeopleMap Report that I accessed online on February 26, 2026, Rahul Srinivasan was born in [redacted]. His address is listed as [redacted], New York [redacted]. Westlaw PeopleMap Report lists the following other addresses associated with Rahul Srinivasan: [redacted] New York [redacted] and [redacted] New York, [redacted] Westlaw People Map lists the following phone numbers for Rahul Srinivasan: [redacted] [redacted] and [redacted]

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Augie Porras

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of Texas

County of El Paso

Subscribed and sworn to (or affirmed) before me on this 28th day of April, 2026, by Augie Porras, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

VALENTINA MARTINEZ
Notary Public, State of Texas
Comm. Expires 03-20-2029
Notary ID 135507647

(Seal) Signature V[signature] M.

**CT-2024-010**

**THE COMPETITION TRIBUNAL**

**IN THE MATTER OF** the *Competition Act*, RSC 1985, c C-34, as amended;

**AND IN THE MATTER OF** certain conduct of Google Canada Corporation and Google LLC relating to the supply of online advertising technology services in Canada; and

**AND IN THE MATTER OF** an application by the Commissioner of Competition for one or more orders pursuant to section 79 of the *Competition Act*.

**B E T W E E N:**

**COMMISSIONER OF COMPETITION**

**Applicant**

**- and -**

**GOOGLE CANADA CORPORATION AND GOOGLE LLC**

**Respondent**

---

**AFFIDAVIT OF AUGIE PORRAS**
**(Affirmed on April 28, 2026)**

---

**ATTORNEY GENERAL OF CANADA**
Department of Justice Canada
Competition Bureau Legal Services
Place du Portage, Phase I
50 Victoria Street, 22nd Floor
Gatineau, QC K1A 0C9

Alexander M. Gay
Email: Alexander.Gay@cb-bc.gc.ca

John Syme
Email: John.Syme@cb-bc.gc.ca

Derek Leschinsky
Email: Derek.Leschinsky@cb-bc.gc.ca

Katherine Rydel
Email: Katherine.Rydel@cb-bc.gc.ca

Ryan Caron
Email: Ryan.Caron@cb-bc.gc.ca

Sanjay Kumbhare
Email: Sanjay.Kumbhare@cb-bc.gc.ca

Adam Rossiter
Email: Adam.Rossiter@cb-bc.gc.ca

Evelyn Bartlett
Email: Evelyn.Bartlett@cb-bc.gc.ca

Counsel for the Applicant,
The Commissioner of Competition